UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>SANFORD SCHMIDT; SCHMIDT ADVISORY SERVICES, INC., d/b/a CATALYST WEALTH MANAGEMENT, an Illinois corporation; SCHMIDT FINANCIAL GROUP, LLC, an Illinois limited liability company; CHRISTOPHER LORENZEN; CBL INVESTMENTS, LLC; DIANE FOWLER; and JAMES P. MURAFF,<br><br>Defendants. | Case No. 24-cv-10682<br><br>Cook County Case No. 2024CH09499 |

**NOTICE OF REMOVAL**

Defendant DIANE FOWLER ("Fowler"), by her undersigned counsel, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to the United States District Court for the Northern District of Illinois ("Notice of Removal"). This Court has subject matter jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). As grounds for removal, Fowler states as follows:

**I.    BACKGROUND**

1. On August 9, 2024, plaintiff Markel American Insurance Company ("MAIC") filed this same action in the Northern District of Illinois (Case No. 24-cv-7052). MIAC gave up that action when faced with both a failed attempt at intervention in another State Court Action wherein MAIC admitted *""Intervention is the sole way that MAIC can protect its interest regarding the*

*claimed $60,000,000 award"* and a Motion to Dismiss in this Court seeking to compel arbitration and noting the infirmities in the coverage analysis.

2. MAIC tried again the day after the voluntarily dismissal with same the action and refiled it in State Court in hopes of intervening in the same case it failed to defend (State Court Complaint attached hereto, hereinafter "Cmplt.").

3. This is an insurance coverage dispute between completely diverse parties, as was its prior iteration, 24-cv-7052.

4. Solely for purposes of this Notice of Removal, Fowler relies on MAIC's allegations, as set forth in the Compliant to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)

5. No one has been served with the Complaint. No Summons have been issued.

6. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal shall be filed within 30 days after the defendant is served.

7. Accordingly, removal is timely.

## III. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)

8. This court has subject matter jurisdiction over all cases where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a).

### A. The Amount in Controversy Exceeds $75,000

9. In the Complaint, Markel alleges over $60,000,000 is at issue.

10. Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Complaint that the "matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs," as required under 28 U.S.C § 1332(a).

### B. There Is Complete Diversity of Citizenship

11. Because the Plaintiff is a citizen of Virginia and defendants are citizens of Illinois, and Defendants are not citizens of Illinois and Oklahoma, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1). (Cmplt. ¶¶ 4-12)

12. Accordingly, there is complete diversity. 28 U.S.C. § 1332(a).

## IV. FOWLER SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Venue Is Proper

14. This action is properly removed to this Court because the Circuit Court of Cook County, Illinois is located within the Northern District of Illinois. *See* 28 U.S.C. §§ 93(a), 1446(a).

### B. State Court File

15. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and documents in the State Court Action are attached hereto as follows:

- Exhibit A:   Docket from the State Court Action;
- Exhibit B:   Complaint from the State Court Action;
- Exhibit C:   Appearance from the State Court Action.

To Fowler's knowledge, no other documents or pleadings were filed in the State Court Action.

### C. Written Notice of Removal

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for MIAC. A copy of this Notice of Removal also is being filed in the State Court Action.

### D. Consent of All Defendants

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." In this case no other Defendants have been served or joined.

## V. CONCLUSION

18. Fowler reserves her right to amend or supplement this Notice of Removal.

WHEREFORE, defendant DIANE FOWLER respectfully removes this action form the Cook County Circuit Court to this Court.

October 17, 2024

                                           Respectfully submitted,
                                           **DIANE FOWLER**
                                           Defendant

                                           By:    /s/*Alexander N. Loftus*
                                                      One of Their Attorneys

Alexander Loftus, Esq.
David A. Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
alex@loftusandeisenberg.com
david@loftusandeisenberg.com

## CERTIFICATE OF SERVICE

I, Alexander N. Loftus, an attorney, hereby certify that on October 17, 2024, I caused a true and correct copy of the foregoing document to be served via email and first class mail upon the following:

Daniel R. Formeller
Sarah Hertz Maisel
Simone E. Haugen
Tressler LLP
233 South Wacker Drive – 61st Floor
Chicago, Illinois 60606-6399
(312) 768-2281
Dformeller@tresslerllp.com
SMaisel@tresslerllp.com
SHaugen@tresslerllp.com
*Attorneys for Plaintiff Markel American Insurance Company*

Joseph J. Borders
Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 N. Ravenswood Ave., Ste. 231
Chicago, IL 60613
(773) 880-1260
borders@mcandt.com
mcjessy@mcandt.com
*Attorneys for Plaintiff Markel American Insurance Company*

By: /s/ *Alexander N. Loftus*
Attorney for Diane Fowler