# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>vs.<br><br>SANFORD SCHMIDT; SCHMIDT ADVISORY SERVICES, INC., d/b/a CATALYST WEALTH MANAGEMENT, an Illinois corporation; SCHMIDT FINANCIAL GROUP, LLC, an Illinois limited liability company; CHRISTOPHER LORENZEN; CBL INVESTMENTS, LLC; DIANE FOWLER; and JAMES P. MURAFF,<br><br>   Defendants. | Case No.: 24-cv-10682 |

## PLAINTIFF, MARKEL AMERICAN INSURANCE COMPANY'S, MOTION TO REMAND TO THE CIRCUIT COURT OF COOK COUNTY PURSUANT TO 28 U.S.C. §1447(c)

NOW COMES the Plaintiff, Markel American Insurance Company ("MAIC"), by and through its attorneys, Tressler LLP and McJessy, Ching & Thompson, LLC, and for its Motion to Remand to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. §1447(c), and states as follows:

## INTRODUCTION

This lawsuit belongs in state court. The Honorable Judge Lefkow held in *Vivas v. Boeing Co.*, 486 F.Supp.2d 726 (N.D. Ill. 2007), that"[c]ombining the permission granted in 28 U.S.C. §1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have

long understood to be Congress's intent." The *Vivas* holding was based upon well-reasoned precedent, and has been frequently cited by other courts in the Northern District of Illinois.

The Court here is faced with the same issue: Alexander Loftus of Loftus & Eisenberg, Ltd., counsel for resident defendants (Sanford Schmidt, Schmidt Advisory Services, Inc., and Schmidt Financial Group) (herein referred to as the "Schmidt Defendants") and a non-resident Defendant (Diane Fowler), removed this case on behalf of only non-resident Fowler before Plaintiff (MAIC) had the opportunity to serve any defendants named in this lawsuit. Mr. Loftus, on behalf of only Fowler removed this case *one day* after the filing of the state court action, and then the very next day filed a Motion to Dismiss on behalf of the resident Schmidt Defendants. Similar to *Vivas*, permitting improper removal in violation of the forum defendant rule frustrates Congress's legislative intent, which is clearly understood by courts applying the removal statute. This matter should be remanded to the Circuit Court of Cook County for all further handling.

## BACKGROUND

This lawsuit seeks a declaration that MAIC owes no obligation to defend or indemnify Schmidt Defendants in several matters, two of which are lawsuits pending in the Circuit Court of Cook County: (1) a putative class action filed by Diane Fowler, captioned *Diane Fowler, et al. v. Schmidt Advisory Services, Inc., d/b/a Catalyst Wealth Management, et al.*, Case No. 2024CH01610 (the "*Fowler* Lawsuit")[1]; (2) a lawsuit filed by defendants CBL Investments, LLC and Christopher Lorenzen, captioned *CBL Investments, LLC v. Sanford Schmidt, et al.*, Case No. 2024L001179 (the "*CBL* Lawsuit"); (3) a December 7, 2023 letter from counsel for Christopher Lorenzen demanding that Sanford A. Schmidt and/or Schmidt Financial return to Lorenzen his

---

[1] The underlying *Fowler* Lawsuit is being brought on behalf of a putative class which has, on information and belief, members domiciled in numerous states.

$375,000 investment in the *Young Bear Grylls* animated feature trilogy (the "Lorenzen Demand"); and (4) A January 22, 2024 email from defendant James P. Muraff to Sanford Schmidt requesting a tolling agreement from Catalyst Wealth and seeking information pertaining to Schmidt Advisory's insurance policy (the "Muraff Matter") (collectively, the "Underlying Claim"). The Underling Claim arises out of the Schmidt Defendants' alleged facilitation of fraudulent investments in various film projects. (ECF Dkt. 1-2).

MAIC filed this lawsuit in the Circuit Court of Cook County, Illinois on Wednesday October 16, 2024. (ECF Dkt. 1-2). Before MAIC had the opportunity to serve any Defendants, the Schmidt Defendants and Diane Fowler, by Mr. Loftus, filed a Notice of Removal on behalf of only Diane Fowler the very next day, Thursday October 17, 2024. (ECF Dkt. 1). Despite filing the Notice of Removal on behalf of only Defendant Diane Fowler, Mr. Loftus represents *both* Diane Fowler and the Schmidt Defendants in this lawsuit. (ECF Dkt. 3, 6). Mr. Loftus then took the opportunity to file a Motion to Dismiss on behalf of only the Schmidt Defendants on October 19, 2024. (ECF Dkt. 7). Mr. Loftus, in what appears to be a purposeful strategic move to circumvent the forum defendant rule, filed the Notice of Removal on behalf of the non-forum Defendant Diane Fowler, but entered his appearance and filed the Motion to Dismiss on behalf of the Schmidt Defendants two days later. (ECF Dkt. 6, 7). Mr. Loftus represents the exact same defendants in this lawsuit (the Schmidt Defendants) that he is currently suing as defendants adverse to Ms. Fowler in the *Fowler* Lawsuit.

## **LEGAL STANDARD**

A defendant may remove an action to federal court if the court has original subject matter jurisdiction, but a civil action otherwise removable, pursuant to diversity of citizenship under 28 U.S.C. § 1332(a), "may not be removed if any of the parties in interest properly joined and served

as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(a)-(b). 28 U.S.C. § 1446 provides the procedure for removal, and requires, in pertinent part, that when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. *See* 28 U.S.C.A. § 1446(b)(2)(A). 28 U.S.C. § 1447(c) provides, in pertinent part, that motions to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

It is axiomatic that "[t]he burden of establishing federal jurisdiction falls on the party seeking removal, and *any* doubt regarding jurisdiction should be resolved in favor of remand. *See, e.g., XL Specialty Co. v. Village of Schaumburg*, 2006 WL 2054386 (N.D. Ill., 2006), *citing Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (emphasis added). Furthermore, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.,* 224 F.3d 708, 715 (7th Cir. 2000), *citing Allied-Signal, 985 F.2d at 911, Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982); *Shamrock Oil & Gas Co. v. Sheets,* 313 U.S. 100, 108-09 (1941); and *In re Application of County Collector of the County of Winnebago,* 96 F.3d 890, 895 (7th Cir. 1996). Any defect in the removal procedure requires remand. *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir. 1992).

## ARGUMENT

### I. The Forum Defendant Rule Bars Removal because the Schmidt Defendants Are a all Citizens of the State of Illinois.

As quoted above, 28 U.S.C. § 1441(b) expressly provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the

4

State in which such action is brought." This principle is commonly referred to as the "forum defendant rule." As the Seventh Circuit has explained, the forum defendant rule is "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013), *quoting Hurley v. Motor Coach Indus.. Inc.* 222 F.3d 377, 380 (7th Cir. 2000). "In other words, the forum-defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction – to protect defendants against presumed bias of local courts – is not a concern because at least one defendant is a citizen of the forum state." *In re Paraquat Prods. Liab. Litig.*, 2022 WL 3754820 , at *6 (S.D. Ill., 2022), *citing Nuzzo*, 718 F.3d at 665.

Application of the forum defendant rule here is straightforward. MAIC filed its Complaint for Declaratory Judgment in the Circuit Court of Cook County, Illinois. Mr. Loftus strategically filed the Notice of Removal on behalf of his non-resident client Diane Fowler to circumvent the forum defendant rule while knowing full well that his other clients, the Schmidt Defendants, are without question citizens of the State of Illinois. (ECF Dkt. 1). A forum defendant cannot remove a case filed in state court to an Illinois federal court. Moreover, the forum defendant rule precludes removal "if *any* of the parties in interest properly joined and served" is a citizen of Illinois. 28 U.S.C. § 1441(b) (emphasis added). The forum defendant rule commands that remand to the Circuit Court of Cook County, Illinois is proper.

> **II.** **Defendants Should Not Be Allowed to Avoid State Court Jurisdiction Through the Disfavored Practice of "Snap Removal."**

MAIC expects that Fowler will contend the forum defendant rule does not apply here because the Schmidt Defendants, who are represented by the same counsel, had not yet been served at the time she filed the Notice of Removal, but that argument should be firmly rejected. The

Northern District has rejected this argument on its face numerous times. The most well-reasoned and a recent authority in this District, authored by Judge Lefkow, finds snap removals are impermissible. *See, e.g., Pa. Mfrs. Ass'n Ins. Co. v. Fidelitone, Inc.*, 2024 WL 1461459 (N.D. Ill. Apr. 4, 2024).

In *Fidelitone*, the plaintiff-insurer filed suit in Cook County against the defendant-insured, a citizen of Illinois by way of its principal place of business in Cook County, who filed a notice of removal before it was served. *Id*. at *2. In its motion to remand, the plaintiff argued that the defendant's reading of Section 1441(b) to allow removal before service is wrong, that no authority bound the court to that reading, and that such a reading is inconsistent with the position previously taken by the court in *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726 (N.D. Ill. 2007). *Id*. The defendant urged the court to reconsider *Vivas* and stressed that the plain text of the statute and that the weight of the authority that developed after *Vivas* compelled denial of the motion to remand. *Id*. at *4.

The district court started with a review of *Vivas*, where the defendant argued, as is expected here, that despite the forum-defendant rule, Section 1441(b)(2) permitted removal so long as an in-state defendant had not yet been "joined and served." *Id*. at *2-3. The *Vivas* court found, and Judge Lefkow reiterated that:

> … such interpretation of § 1441(b)(2) "would frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy." *Id*. at 734 (citing *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). Interpreting § 1441(b)(2) to allow snap removal would "provide a vehicle to defendants to manipulate the operation of removal statutes" in a way that is contrary to Congress's clear intent to provide neutral forums for out-of-state litigants when those litigants feel such a forum is required. *Id*. at 734; *see also Norwegian Air Shuttle*, 530 F. Supp. 3d at 769 (N.D. Ill. 2021) (citing *Morris*, 718 F.3d at 665; *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010)) ("[D]iversity jurisdiction's basic rationale [is] opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties."); *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 54 (1954) (Frankfurter, J., concurring) ("The power of Congress to confer such jurisdiction was based on the desire of the Framers to assure out of state litigants

6

>courts free from susceptibility to potential local bias.") Allowing this end-run around the forum-defendant rule would significantly abrogate the presumption that plaintiffs typically get their choice of forum. *Norwegian Air Shuttle*, 530 F. Supp. 3d at 769 (citing *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000)); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (plaintiff is "the master of the complaint").

*Id*. at *3. The district court refused to reconsider the *Vivas* decision for three primary reasons. First, the district court concluded that the language of § 1441(b)(2) is ambiguous, adopting the reasoning of a 2021 decision of Judge Wood, as follows:

>This court agrees and adopts Judge Wood's analysis in *Norwegian Air Shuttle ASA v. Boeing Co.* As Judge Wood explains, "the language of the forum-defendant rule is ambiguous" for two reasons. *Id.* at 768. First, "[t]he rule is silent as to when a forum defendant must be properly joined and served to defeat removal" and "does not plainly state that a forum defendant may remove a case before any parties are served[.]" *Id.* at 768–69. Second, "it is plausible to read the forum-defendant rule's clause regarding 'any defendant' as requiring that at least one defendant be properly joined and served prior to removal on diversity grounds[.]" *Id.* at 769. To resolve this ambiguity, the court considered "the goals of the forum-defendant rule" and "consisten[cy] with the statutory scheme" to conclude that disallowing snap removal better achieved both purposes. *Id*.

*Id*. at *4. The district court also observed that the removal statute should be construed narrowly, *any doubts about the propriety of removal should be resolved against allowing removal*, and that "the loophole for which [d]efendants advocate would lead to an absurd result, inconsistent with the statutory purpose." *Id*. (emphasis added).

Second, the district court found that decisions of circuit courts were not "as neatly aligned in favor of allowing snap removal as defendant represents." *Id*. at *5. The Sixth Circuit's decision is footnote dicta, and the Eleventh Circuit's apparent decision is not binding and clearly shows the court's disdain for snap removals. *Id.*, citing *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir. 2014) (writing the purpose of adding

"joined and served" was to *prevent* removal gamesmanship and endorsing snap removal would "turn the statute's 'properly joined and served' language on its head.").

Third, observing a clear consensus that Congress intended to address the fraudulent joinder problem with the "joined and served" language, the district court astutely reasoned that Section 1441(b)(2) "was not intended to kneecap the forum-defendant rule but, rather, to address the naming of non-legitimate defendants to defeat removal, as well to discourage procedural skullduggery, such as failing to serve a joined forum defendant to prevent removal." 2024 WL 1461459 at *6. The district court found it "inconceivable that Congress, in adding the 'properly joined and served' language, intended to create an arbitrary means for a forum defendant to avoid the forum-defendant rule simply by filing a notice of removal before the plaintiff is able to effect process." *Id*. This is the exact situation Fowler's Notice of Removal presents, but with a twist: Mr. Loftus chose to file the Notice of Removal on behalf of Fowler only, and then subsequently filed an appearance on behalf of the Schmidt Defendants after removing this case to federal court. Ultimately, the district court in *Fidelitone* held that "snap removals turn diversity jurisdiction, designed to shield out-of-state defendants from hometown bias, into a sword for well-resourced defendants to select their forum when they are sued in their own state's courts," and declined to "write[ ] the forum-defendant rule out of existence for ... defendants with ... resources." *Id*. at *7, citing *Norwegian Air*, 530 F. Supp. 3d at 770.

Further, this Court's holding in *Vivas* has been frequently cited and followed. For example, in *Grimard v. Montreal, Maine & Atl. Ry., Inc.*, 2013 WL 4777849, at *2 (N.D. Ill., 2013), Judge Shadur noted that "[o]ther District Courts have ordered remand post-removal when service on the forum defendant takes place thereafter (for an example of cases upholding remand in that situation,

8

see the opinion of this Court's colleague Judge Joan Lefkow in *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734 (N.D. Ill. 2007)). That same result can well be reached here in a fortiori terms."

The *Vivas* decision was cited favorably by Judge Kennelly in *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F.Supp.3d 952 (N.D. Ill. 2014), which also succinctly identified an additional crucial issue with an overly technical interpretation of section 1441(b):

> Applying section 1441(b) in the manner that [defendant] urges would result in the elimination of the forum-defendant rule in Illinois, at least for a vigilant defendant. As the Court has noted, Illinois law typically requires the county sheriff to serve summons. As a practical matter, *this does not and cannot happen immediately, or anything close to it*. If a plaintiff who filed a lawsuit in the Circuit Court of Cook County were to go from the clerk's office to the sheriff's office and request instantaneous service of summons on the defendant, the request would be dismissed out of hand. Even for the most diligent plaintiff, there will be a gap before process can be served, and this enables a vigilant defendant to beat the process server to the punch and remove the case to federal court.
>
> * * *
>
> Congress, which enacted the forum defendant rule and the "joined and served" clause before the age of computers—not to mention the Internet—could not have foreseen or intended this outcome.

*Id.* at *961-62 (emphasis added). This case presents a perfect example of Judge Kennelly's concern. MAIC filed this lawsuit in the Circuit Court of Cook County on October 16, 2024. Less then 24 hours later, counsel for both Diane Fowler and the Schmidt Defendants removed this lawsuit on behalf of only Diane Fowler. (Docket 1). As a practical matter, it would have been highly improbable for a summons to be issued and service effectuated by the Cook County Sheriff on the Schmidt Defendants, or on any other Defendants, in the time before Diane Fowler's removal to federal court.

Consistent with undersigned counsel's ethical obligations to this Court, MAIC acknowledges that other courts in the Northern District of Illinois have disagreed, electing instead to apply the plain language of section 1441(b). *See, e.g., Great W. Cas. Co. v. CR Express, Inc.,*

No. 23-CV-16942, 2024 WL 3495231, (N.D. Ill. July 22, 2024); *D.C. v. Abbott Labs, Inc.*, 323 F. Supp. 3d 991 (N.D. Ill. 2018); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F.Supp.3d 928 (N.D. Ill. 2017). It is expected that Fowler will rely on such cases.

MAIC respectfully posits, however, that the reasoning in *Vivas* and *Fidelitone* is far more persuasive and consistent with the Seventh Circuit's admonition in cases like *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006), which avoids the contravention of Congress's clearly expressed legislative intent. In addition to the authority cited above that squarely rejects that approach, and to the extent that this Court requires any additional authority to reject Fowler's snap removal, other courts in this District have refused to permit the procedure on the same or similar grounds as those identified by Fowler. *See, e.g., Norwegian Air Shuttle ASA v. Boeing Co.,* 530 F. Supp. 3d 764, 769 (N.D. Ill. 2021) ("Even if the plain language of the forum-defendant rule allowed for snap removal, the Court could still disallow snap removal if it found that a literal reading of the rule produced an absurd result . . . inconsistent with the stator purpose"); *In re Testosterone Replacement Therapy Products Liab. Litig.*, 67 F. Supp. 3d 952, 960 (N.D. Ill. 2014) (Kennelly, J.) ("The Court finds the cases looking beyond the language of section 1441(b) persuasive because they seek to fulfill the principle animating the plain language rule and are therefore faithful to Congressional intent"); *Snider v. Chrysler Group, LLC*, 2015 WL 12834237, at *3 (N.D. Ill. Jan. 15, 2015) (Kapala, J.) (holding a plaintiff's failure to serve a forum-state defendant prior to a defendant's removal does not permit court to ignore the forum defendant rule in determining the propriety of removal under section 1441(b)(2)); *Kern v. Krso*, 2020 WL 3960509, at *4 (N.D. Ill. July 13, 2020) (Aspen, J.) (refusing to require removing forum defendant be "joined and served" before applying forum defendant rule because snap removals contradictory to removal statute's purpose); *Paraquat*, 2022 WL 3754820, at *8 (Rosenstengel, C.J.) (agreeing

10

snap removal "smacks [ ] of forum shopping … and reeks of the gamesmanship Congress intended to eliminate" and "essentially writes the forum-defendant rule out of existence …").

In this case, as in the seven cases cited above from this District, permitting Fowler's snap removal to stand directly contravenes the forum defendant rule's clear purpose of disavowing diversity-based removal. For the above reasons, Diane Fowler's "snap removal" should be rejected, and this case remanded to the Circuit Court of Cook County, Illinois.

### III. The "Joined and Served" Requirement Under 28 U.S.C. § 1441(b)(2) Does Not Allow Defendant Fowler to Remove the Case to Federal Court.

"The policy behind the forum defendant rule "is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley,* 222 F.3d at 380; *See* ERWIN CHEMERINSKY, FEDERAL JURISDICTION *§5.5,* at 345 (4th ed. 2003) at 345 (concluding the forum defendant rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state"). It should be noted that MAIC, in its Complaint, states that it "seeks no affirmative relief from Ms. Fowler other than to bind her to the outcome of this action." (ECF Dkt. 1-2, p. 3). The target defendants in this declaratory judgment action are the Schmidt Defendants.

The "joined and served" requirement under section 1441(b)(2) does not allow Diane Fowler, and *vis-à-vis* the Schmidt Defendants, to circumvent the statute and remove the instant case to federal court. Section 1441(b)(2) does not allow for a case to be removed solely on jurisdiction if "any of the parties in interest, properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

This Court has previously clarified the application of section 1441(b)(2) and directly addressed the issue of whether the citizenship of a forum defendant defeats removal when, prior

11

to removal, no defendant has been served or otherwise appeared. In *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672 at *1 (N.D. Ill. Aug. 11, 2005), the plaintiff named twenty-eight defendants in a shareholder derivative action under Illinois law. Before the plaintiff had an opportunity to serve any of the defendants, a non-resident defendant filed for removal citing the "joined and served" requirement had not been met and therefore, section 1441(b)(2) should not prevent removal. *Id*. at *2. The plaintiff moved to remand the case back to the state court. *Id*.

The court in *Holmstrom* granted the plaintiff's motion to remand. *Id*. at *2-3. The court explained:

> *The "joined and served" requirement makes sense, then, when one defendant has been served but the named forum defendant has not*. After all, a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant. When no defendant has been served, however, the non-forum defendant stands on equal footing as the forum defendant. Neither defendant in that scenario is obligated to appear in court. Nor has the thirty-day period for removal started to run for the unserved non-forum defendant… the protection afforded by the "joined and served" requirement is wholly unnecessary for an unserved non-forum defendant. Given this, we will not apply the "joined and served" requirement here because no Defendant has been served. The citizenship of the unserved Illinois Defendants (i.e., the forum defendants) therefore defeats removal at this stage.

*Id*. at *2-3 (emphasis added). The instant case presents the exact circumstances as in *Holmstrom*. Fowler, the non-resident Defendant who is now on "equal footing as the forum defendant," has removed the case to federal court before any Defendant, including the resident Schmidt Defendants, has been served by MAIC. Consistent with legal precedent, this Honorable Court should remand the instant case to the state court based on the fact that the Schmid Defendants are citizens of the State of Illinois, and counsel for Fowler and the Schmidt Defendants, while

12

contemporaneously representing the Illinois Schmidt Defendants, filed for removal on behalf of only non-resident Fowler before MAIC had the opportunity to serve any of Defendants.

### IV. The Notice of Removal is Defective on its Face

Diane Fowler's Notice of Removal is defective on its face. A party removing a case to federal court bears the burden of establishing federal jurisdiction. *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp. 3d 837 (N.D. Ill. 2019). For diversity jurisdiction purposes, the citizenship of a limited liability company (LLC) is the citizenship of each of its members. *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 533 (7th Cir. 2007). Here, the Notice of Removal simply states "[b]ecause the Plaintiff is a citizen of Virginia and defendants are citizens of Illinois, and Defendants are not citizens of Illinois and Oklahoma, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1)." (ECF Dkt. 1, p. 2-3). Two defendants, namely CBL Investments, LLC and Schmidt Financial Group, LLC, are limited liability companies. The Notice of Removal fails to allege the citizenship of each of the members of CBL Investments, LLC and Schmidt Financial Group, LLC. For this reason, the Notice of Removal is defective on its face and should be denied.

### V. MAIC is Entitled to Attorneys' Fees and Costs due to Defendant's Lack of Good Faith in Removing this Case.

Pursuant to 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Counsel's clear attempt to forum shop by cherry picking the filed Complaint from the court records and immediately removing the case to federal on behalf of only his non-resident client (Diane Fowler) and not his resident client (the Schmidt Defendants) before MAIC had the ability to serve the Defendants has resulted in a waste of the Court's and MAIC's time and resources. Counsel, on

13

behalf of Diane Fowler, had no objective, good faith basis for removal and, consequently, attorneys' fees and costs should be awarded to Plaintiff MAIC.

### VI. Meet and Confer

On October 25, 2024, counsel for MAIC conferred with counsel for the Schmidt Defendants and Diane Fowler, Mr. Loftus, and Mr. Loftus objected to MAIC's Motion for Remand and the proposed briefing schedule.

WHEREFORE, Plaintiff, Markel American Insurance Company, respectfully requests that this Court grant its Motion to Remand to the Circuit Court of Cook County, Illinois and award its attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

Dated: October 25, 2024

                                              Respectfully submitted,

                                              TRESSLER, LLP

                                              /s/ Daniel R. Formeller

Daniel R. Formeller
Sarah Hertz Maisel
Simone E. Haugen
Tressler LLP
233 South Wacker Drive – 61st Floor
Chicago, Illinois 60606-6399
(312) 768-2281
dformeller@tresslerllp.com
smaisel@tresslerllp.com
shaugen@tresslerllp.com
*Attorneys for Plaintiff Markel American Insurance Company*


Joseph J. Borders
Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 N. Ravenswood Ave., Ste. 231
Chicago, IL 60613

(773) 880-1260
borders@mcandt.com
mcjessy@mcandt.com
*Attorneys for Plaintiff Markel American Insurance Company*