**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>vs.<br><br>SANFORD SCHMIDT; SCHMIDT ADVISORY SERVICES, INC., d/b/a CATALYST WEALTH MANAGEMENT, an Illinois corporation; SCHMIDT FINANCIAL GROUP, LLC, an Illinois limited liability company; CHRISTOPHER LORENZEN; CBL INVESTMENTS, LLC; DIANE FOWLER; and JAMES P. MURAFF,<br><br>   Defendants. | Case No.: 24-cv-10682<br><br>Honorable Judge Lindsay C. Jenkins |

**JOINT SUBMISSION REGARDING
PROPOSED BRIEFING SCHEDULE FOR MOTION TO REMAND**

In accordance with this Honorable Court's Local Rules, Markel American Insurance Company ("MAIC") and Diane Fowler hereby submit this Joint Submission which indicates their positions on a proposed briefing schedule for MAIC's Motion to Remand. Counsel for the parties, specifically Tressler LLP and McJessy, Ching & Thompson, LLC for MAIC, and Alexander N. Loftus of Loftus & Eisenberg, Ltd. for Diane Fowler, Sanford Schmidt, Schmidt Advisory Services, Inc. d/b/a Catalyst Wealth Management, and Schmidt Financial Group, LLC, met and conferred on October 24, 2024, but could not reach an agreement on a briefing schedule for MAIC's Motion to Remand. The Parties hereby set forth their separate positions on scheduling.

 **I. MAIC's Separate Statement on Scheduling:**

MAIC proposes that Defendant Fowler has 14 days to file a response to MAIC's Motion to Remand, and MAIC has 7 days to file its reply in support of its Motion to Remand.

 **II. Diane Fowler and Schmidt Defendants' Separate Position on Scheduling:**

There is no possible merit to this Motion and the Court is being needlessly burdened by ill-conceived procedural gamesmanship over a claim subject to an arbitration provision. Again, MAIC previously filed in this Court and argued this Court's jurisdiction was proper. Besides all the legal and factual bases for keeping the case here MAIC is judicially estopped from arguing the opposite. As explained elsewhere in briefing these matters MAIC habitually does not follow the terms of its of its contracts and this conduct of trying to avoid a requested arbitration typifies this. The failure to follow controlling policy terms requiring arbitration once requested must be followed and no more dancing around from Court to Court should be indulged. The Court should

not be burdened with another motion and this matter should be dismissed or stayed in favor of arbitration.

MAIC refused to share a draft of the Motion before requesting completion of the instant joint statement. It's possible the absurdity of demanding remand of a refiled case could be disposed of swiftly but without seeing the motion the best course is to not trouble the Court or counsel with a separate motion and dismiss this matter in favor of arbitration as provided in the policy.

Respectfully Submitted,

By: */s/ Daniel R. Formeller*
    Daniel R. Formeller
    Sarah Hertz Maisel

Simone E. Haugen
Tressler LLP
233 South Wacker Drive – 61st Floor
Chicago, Illinois 60606-6399
312) 768-2281
Dformeller@tresslerllp.com
SMaisel@tresslerllp.com
SHaugen@tresslerllp.com
*Attorneys for Plaintiff Markel American Insurance Company*

By   */s/Alexander N. Loftus*
Alexander N. Loftus
David A. Eisenberg
Loftus & Eisenberg, Ltd.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: (312) 899-6625
alex@loftusandeisenberg.com
david@loftusandeisenberg.com
*Attorney for Defendants Diane Fowler; Sanford Schmidt; Schmidt Advisory Services, Inc., d/b/a Catalyst Wealth Management, an Illinois Corporation; and Schmidt Financial Group, LLC, an Illinois Limited Liability Company*

Joseph J. Borders
Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 N. Ravenswood Ave., Ste. 231
Chicago, IL 60613
(773) 880-1260
borders@mcandt.com
mcjessy@mcandt.com
*Attorneys for Plaintiff Markel American Insurance Company*

2