| | |
|---|---|
| Markel American Insurance Co., *et al.*, | |
| *Plaintiffs*, | No. 24 CV 10682 |
| v. | Judge Lindsay C. Jenkins |
| Schmidt Advisory Services, Inc., *et al.*, | |
| *Defendants*. | |

## ORDER

Defendant's motion for reconsideration is denied. For the reasons explained in *Mfrs.' Assn. Ins. Co. v. Fidelitone, Inc.*, 2024 WL 1461459, at *7 (N.D. Ill. April 4, 2024) and *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 768-69 (N.D. Ill. 2021), which is adopted here, this Court concludes that the statutory language of 28 U.S.C. § 1441(b)(2) is ambiguous. The rule is silent as to when a forum defendant must be properly joined and served to defeat removal. It does not plainly state that a forum defendant may remove a case before any parties are served, though that is one plausible reading of the text. It is also plausible to read the forum-defendant rule's clause regarding "any defendant" as requiring that at least one defendant be properly joined and served prior to removal on diversity grounds. In light of the intent of the forum-defendant rule—which goes to the genuine interests and citizenship of the parties, not how quickly they are served with process—this Court concludes that "the loophole for which Defendants advocate would lead to an absurd result, inconsistent with the statutory purpose." *Norwegian,* 530 F. Supp. 3d at 770. "The snap-removal loophole essentially writes the forum-defendant rule out of existence for any defendants with the resources and wherewithal to monitor exhaustively local court filings." *Id.; Mfrs.' Assn.*, 2024 WL 1461459, at *4 (to resolve the ambiguity, the court considers "the goals of the forum-defendant rule" and "consisten[cy] with the statutory scheme" in concluding that disallowing snap removal better achieved both purposes.)

The balance of Fowler's arguments against a remand are unpersuasive. She urges this Court to adopt the analysis in *Great W. Cas. Co. v. CR Express*, 2024 WL 3495231, at *2 (N.D. Ill. July 22, 2024), arguing that she "followed the most recent case and removed according to the current law in this District." [Dkt. 19 at 7-8.]

As *Great W. Cas.* itself acknowledged, some courts in this district have concluded that the statutory language of § 1441(b)(2) is ambiguous, while others have concluded the opposite. *Id.* at *4. Regardless, federal district court decisions are not precedential, they are only persuasive authority on another district court. See

*Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'"); *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 490 (7th Cir. 2012) ("decisions of district courts are not authoritative even within the rendering district. They cannot 'settle' any proposition.") Neither the Supreme Court nor the Seventh Circuit has decided the snap removal issue, so there is no binding authority directly on point. And while the Court considered the thoughtful analysis in *Great W. Cas.*, it declines to follow it.

Here, there is no dispute that the day after this case was filed in the Circuit Court of Cook County, Defendant Flower (a non-resident) filed a notice of removal even though none of the Defendants named in the lawsuit had been served with process. Plaintiff timely sought to remand under § 1447(c) (*see* Dkt. 12), arguing that the Illinois citizenship of the Schmidt Defendants prohibited removal under § 1441(b)(2). In light of the considerations outlined above, removal was improper.

\*  \*  \*  \*  \*

Having concluded the forum-defendant rule does not allow for snap removal, the case is remanded to the Circuit Court of Cook County. The motion for reconsideration [Dkt. 17] is denied.

Enter: 24-cv-10682
Date: November 13, 2024

_____
Lindsay C. Jenkins
United States District Judge